IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PAUL WENDE**, individually, and
**DIANE WENDE**, as spouse and attorney
in fact for **PAUL WENDE**,

      Plaintiffs,

    vs.                                            No. CIV 01-0502 MCA/WWD

**SIERRA VISTA HOSPITAL, INC.**, a New Mexico
Corporation; **NES AND ASSOCIATES, INC.**, a
foreign corporation; **STEPHEN EVANS, M.D.**,
personally and as contractor, employee or agent of
**SIERRA VISTA HOSPITAL, INC.**, and as employee
and agent of **NES AND ASSOCIATES, INC.;**
**SIERRA VISTA HOSPITAL JOHN DOES I-III;**

**UNITED STATES OF AMERICA**, as a substituted
party for **BEN ARCHER HEALTH CENTER JOHN
DOES I-III, EDGAR JANETZKO, M.D.**,

      Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING UNITED STATES AS A DEFENDANT AND DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT

**THIS MATTER** comes before the Court on the United States' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. No. 7] filed on September 25, 2001, and Plaintiffs' Motion to Amend Complaint [Doc. No. 9] filed on September 25, 2001. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds grounds for dismissing the United States as a defendant and

denying Plaintiffs' motion to amend their complaint in this action as explained below. The Court exercises its discretion to retain jurisdiction over the claims regarding the remaining non-federal defendants.

This action concerns the injuries alleged to have been sustained by Plaintiff Paul Wende during October 1998 as a result of Defendants' medical negligence. Plaintiffs' complaint concerning these alleged injuries originally was filed in the Second Judicial District Court of the State of New Mexico on October 2, 2000. While the action was pending in state court, the parties discovered that defendants Ben Archer Health Care Center (BAHCC) and Edgar Janetzko, M.D. had been deemed to be federal employees pursuant to 42 U.S.C. § 233(h) (2000). That discovery prompted the following actions.

First, the status of BAHCC and Dr. Janetzko as federal employees under 42 U.S.C. § 233(h) meant that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 to 2680 (2000), became Plaintiffs' exclusive remedy as to these defendants. One of the requirements of the FTCA is that Plaintiffs must exhaust administrative remedies before filing suit. See 28 U.S.C. § 2675(a). Accordingly, Mr. Wende filed an administrative claim with the appropriate federal agency on March 23, 2001. Mr. Wende's administrative remedies were deemed to be exhausted six months later on September 23, 2001. See id.

BAHCC and Dr. Janetsko's status as federal employees also meant that the United States had to be substituted for these defendants and that Plaintiffs' civil action against the United States became removable to this Court pursuant to 42 U.S.C. § 233(c), 28 U.S.C. § 1441, and 28 U.S.C. § 1442(a)(1) (2000). Accordingly, the United States substituted for

these defendants and removed the action to this Court on May 4, 2001, where it was assigned Civil Number 01-0502.

On September 26, 2001, however, the United States filed a motion to dismiss in Civil Number 01-0502 alleging that the Court lacked subject-matter jurisdiction because Plaintiffs had failed to exhaust their administrative remedies before filing their civil action. See 28 U.S.C. § 2675(a). Plaintiffs responded by filing a motion to amend their complaint in Civil Number 01-0502 and filing a new action against the United States in federal court, which was assigned Civil Number 01-1110.

The United States correctly asserts that the exhaustion of administrative remedies is a prerequisite to instituting a civil action under the FTCA, without which this Court lacks subject-matter jurisdiction over any tort claims against the United States. See 28 U.S.C. § 2675(a); Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992). The action assigned Civil Number 01-0502 was instituted before Plaintiffs had even begun to seek an administrative remedy. Accordingly, the Court has no choice but to dismiss all of Plaintiffs' tort claims against the United States in Civil Number 01-0502 notwithstanding the fact that the status of BAHCC and Dr. Janetzko as federal employees was not discovered until long after the action was filed. See McNeil v. United States, 508 U.S. 106, 111-12 (1993); Barrett v. United States, 845 F. Supp. 774, 783 (D. Kan. 1994).

Plaintiffs' failure to exhaust administrative remedies before instituting an action against the United States that is subject to the FTCA cannot be cured by amending their complaint. See McNeil, 508 U.S. at 111-12; Dunaville v. Carnago, 485 F. Supp. 545, 548

(S.D. Ohio 1980). Thus, the Court has no choice but to deny Plaintiffs' motion to amend their complaint inasmuch as any amendment attempting to cure the jurisdictional defect occasioned by Plaintiffs' failure to exhaust administrative remedies before filing suit would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999).

The authorities which require the Court to dismiss Plaintiffs' claims against the United States, however, do not necessarily require the dismissal of Plaintiffs' claims against the remaining non-federal defendants in this action. While federal courts generally decline to exercise supplemental jurisdiction over any state-law claims that remain after the federal claims are dismissed, see 28 U.S.C. § 1367(c)(3); Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995), there are certain circumstances under which federal courts retain "discretion to try state claims in the absence of any triable federal claims." Thatcher Enter. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990). By separate memorandum opinion and order filed concurrently with this one, the Court determines that such circumstances exist in this action and that this action is to be consolidated with Civil Number 01-1110 pursuant to Fed. R. Civ. P. 42(a).

**IT IS, THEREFORE, ORDERED** that the United States motion to dismiss is GRANTED IN PART and DENIED IN PART. The United States is dismissed as a defendant in this action, but the Court exercises its discretion to retain jurisdiction over the claims against the remaining non-federal defendants.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend their complaint is DENIED.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**