# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PAUL WENDE**, individually, and
**DIANE WENDE**, as spouse and attorney
in fact for **PAUL WENDE**,

      Plaintiff,

vs.                                          No. CIV 01-0502 MCA/WWD

**SIERRA VISTA HOSPITAL, INC.**, a New Mexico
Corporation; **NES AND ASSOCIATES, INC.**, a
foreign corporation; **STEPHEN EVANS, M.D.**,
personally and as contractor, employee or agent of
**SIERRA VISTA HOSPITAL, INC.**, and as employee
and agent of **NES AND ASSOCIATES, INC.;**
**SIERRA VISTA HOSPITAL JOHN DOES I-III;**

      Defendants,

and

**PAUL WENDE**,

      Plaintiff,

vs.                                          No. CIV 01-1110 MCA/JHG

**UNITED STATES OF AMERICA**,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR CONSOLIDATION

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Consolidation [Doc. No.11] filed on October 23, 2001. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds grounds for granting Plaintiffs' motion as explained below.

Both of the actions presently before the Court concern the injuries alleged to have been sustained by Plaintiff Paul Wende during October 1998 as a result of Defendants' medical negligence. Plaintiffs' complaint concerning these alleged injuries originally was filed in the Second Judicial District Court of the State of New Mexico on October 2, 2000. While the action was pending in state court, the parties discovered that defendants Ben Archer Health Care Center (BAHCC) and Edgar Janetzko, M.D. had been deemed to be federal employees pursuant to 42 U.S.C. § 233(h) (2000). That discovery prompted the following actions.

First, the status of BAHCC and Dr. Janetzko as federal employees under 42 U.S.C. § 233(h) meant that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 to 2680 (2000) became Plaintiffs' exclusive remedy as to these defendants. One of the requirements of the FTCA is that Plaintiffs must exhaust administrative remedies before filing suit. See 28 U.S.C. § 2675(a). Accordingly, Mr. Wende filed an administrative claim with the appropriate federal agency on March 23, 2001. Mr. Wende's administrative remedies were deemed to be exhausted six months later on September 23, 2001. See id.

BAHCC and Dr. Janetsko's status as federal employees also meant that the United States had to be substituted for these defendants and that Plaintiffs' civil action against the United States became removable to this Court pursuant to 42 U.S.C. § 233(c), 28 U.S.C. § 1441, and 28 U.S.C. § 1442(a)(1) (2000). Accordingly, the United States substituted for these defendants and removed the action to this Court on May 4, 2001, where it was assigned Civil Number 01-0502.

On September 26, 2001, however, the United States filed a motion to dismiss in Civil Number 01-0502 alleging that the Court lacked subject-matter jurisdiction because Plaintiffs had failed to exhaust their administrative remedies before filing their civil action. See 28 U.S.C. § 2675(a). Plaintiffs responded by filing a motion to amend their complaint in Civil Number 01-0502 and filing a new action against the United States in federal court, which was assigned Civil Number 01-1110. The latter action was filed after Mr. Wende had exhausted his administrative remedies but before the limitations period expired. See 28 U.S.C. § 2679(d)(5).

By separate memorandum opinion and order filed concurrently with this one, the Court dismisses the United States from Civil Number 01-0502 and denies Plaintiffs' motion to amend their complaint in that action. The Court previously dismissed the University of New Mexico defendants from Civil Number 01-0502 as well. Thus, the only remaining defendants in Civil Number 01-0502 are Sierra Vista Hospital, Inc., NES and Associates, Inc., Stephen Evans, M.D., and Sierra Vista Hospital John Does I-III.

Ordinarily, when all federal claims are dismissed a federal court declines to exercise supplemental jurisdiction over any remaining state-law claims. See 28 U.S.C. § 1367(c)(3); Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995). Under certain circumstances, however, this Court retains "discretion to try state claims in the absence of any triable federal claims." Thatcher Enter. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990). To determine whether such circumstances are present in this case, the

Court must consider whether, "given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." Id.

The Court finds that these factors weigh in favor of retaining jurisdiction over the pendent state-law claims in Civil Number 01-0502. While the federal claims against the United States are dismissed from Civil Number 01-0502, those same claims have reappeared in Civil Number 01-1110, and Plaintiffs' have filed a motion to consolidate the two actions under Fed. R. Civ. P. 42(a). The Court may order two actions consolidated under that rule when they involve common questions of law or fact and their consolidation may tend to avoid unnecessary costs or delay. See Central Motor Co. v. United States, 583 F.2d 470, 488 (10th Cir. 1978); Gillette Motor Transport, Inc. v. No. Okla. Butane Co., 179 F.2d 711, 712 (10th Cir. 1950).

The Court finds that the two actions at issue here relate to a common set of facts, events, and issues of law and that their consolidation may tend to avoid unnecessary costs or delay associated with trying the state-law claims separately in a different court and beginning the discovery process anew in each case while Mr. Wende's health may deteriorate. Accordingly, the Court exercises its discretion to retain jurisdiction over the pendent state-law claims in Civil Number 01-0502 for purposes of consolidating that action with Civil Number 01-1110.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Consolidation be and hereby is GRANTED;

**IT IS FURTHER ORDERED** that the pending actions in Civil Number 01-0502 and Civil Number 01-1110 be and hereby are CONSOLIDATED pursuant to Fed. R. Civ. P. 42(a). Civil Number 01-0502 MCA/WWD shall be the lead case and all documents henceforth shall be filed in that matter.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**